LARAU SHARP, PETITIONER-APPELLEE, v. PATERSON MONUMENT CO., RESPONDENT-APPELLANT.

Passaic County Court

Decided August 18, 1950.

*Mr. Nathan Rabinowitz* for the petitioner-appellee.

*Mr. Andrew Lawrie* for the respondent-appellant.

HINCHLIFFE, J. C. C.   The respondent appeals from the whole of the determination entered in the Workmen's Compensation Bureau.   The petitioner appeals from that part of the determination which denies the petitioner's demand for payment of medical treatment rendered in the case.

The petitioner entered in the employ of the respondent October, 1945, to January 14, 1949.   Prior to his employment with respondent, he enjoyed good health.   His employment for the first three months consisted of stone grinding and some laborious work.   Thereafter his employment consisted of blasting steel frames in a room, 10 feet by 7 feet.   The blasting was done by air pressure and Illinois silica sand was used.   Some 15 to 16 bags, each 100 pounds, of silica were used every day of blasting.   Petitioner usually worked five days a week and sometimes six days a week, and did so until Christmas of 1948, when he became ill.   He stayed away from work for two weeks and quit his work on January 14, 1949, at which time his complaints were of shortness of breath, aching of the limbs and body fatigue.   He has not done any work since that time.

While he was doing his work, petitioner's clothes would get full of dust and the dust would go through his clothes causing an itchy feeling about his body.   His hair would become yellow at the end of the day.   The protective measures taken did not keep the petitioner from breathing in dust

through his mouth and nose. There is no denial that "silica" was used for the blasting. The petitioner consulted his physician, Dr. Ferrary, on January 17, 1949, and except for certain intervals of time has been under his care ever since. Dr. Ferrary made a diagnosis of pneumoconiosis due to silicosis. On July 15, 1949, the petitioner entered Valley View Sanitarium. He was discharged from this sanitarium on August 5, 1949. This sanitarium is for the treatment of tuberculosis, and there various tests were performed on petitioner and it was found that petitioner was not afflicted with tuberculosis. The diagnosis made was bilateral extensive silicosis. When it was ascertained that the petitioner did not have tuberculosis, he left this hospital.

The medical testimony produced by petitioner as to the disability is that the petitioner is totally disabled as a result of the residual effects of silicosis contracted by the petitioner as a result of his employment with respondent.

The respondent urges that the undisputed proof of the exposure of silica be rejected because the degree of proof required by the statute has not been met. Several inguinal hernia cases have been cited. The hernia statute specifically sets forth the five points which must be proved before a recovery can be had. The reason for the degree of proof required in an inguinal hernia case is that it is a disease which ordinarily is congenital and develops gradually, being very rarely the result of an accident. Silicosis on the other hand, is caused by inhalation of silica dust, and cannot be considered in the same category as inguinal hernias. The proofs in this case are convincing that the petitioner contracted silicosis as a result of his employment.

The respondent produced one Dr. Thomas Ormsby as its only expert medical witness. Dr. Ormsby stated that it was his opinion that the petitioner was suffering from tuberculosis and that Boeck's sarcoidosis had to be considered.

As against the testimony of Dr. Ormsby we have that of the attending physician, who observed and treated the petitioner for approximately ten months. We have the testimony

of the physician in whose charge the petitioner was during his stay at the Valley View Sanitarium. These physicians were positive in their diagnosis and were certainly in a better position to express an opinion as to cause and effect than was a mere medical expert. *Fusco v. Cambridge Piece Dyeing Corp.,* 135 *N. J. L.* 160 (*E. & A.* 1946).

■ The petitioner has met the proof as required by the statute; the respondent has offered no evidence except that of Dr. Ormsby to rebut petitioner's proof. The award as to the disability is, therefore, affirmed.

The petitioner in the case has filed a cross-appeal and urges that he be allowed the medical expenses. The Deputy Director refused to allow the medical expenses on the ground that the statute does not authorize treatment. There is no doubt in my mind that the sections of the statute relating to silicosis and asbestosis were a supplement of the Workmen's Compensation Act and became a part of same. It is inconceivable that the Legislature intended in cases of silicosis and asbestosis that no medical expenses should be allowed. To adopt the view of the Deputy Director would mean that under no circumstances does an employer have the duty to render medical treatment in this type of case.

■■ The Workmen's Compensation Act is remedial in nature, and it should be at all times liberally construed. *Gliewe v. Mulberry Mutual Stamping Works, Inc.,* 125 *N. J. L.* 555 (*Sup. Ct.* 1940). In the case, *sub judice,* the respondent denied that the petitioner suffered a compensable injury. It denied accident; it denied a compensable occupational disease arising out of and in the course of the employment. Any request by the petitioner, under such circumstances, for medical attention would have been an idle gesture, *Bobertz v. Town of Hillside,* 126 *N. J. L.* 416 (*E. & A.* 1941), and the respondent is, therefore, liable for the medical treatment rendered to petitioner, and that part of the determination below is reversed.

A judgment will be submitted to me in accordance with these, my findings.